IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELLY S. GIBSON,

                Plaintiff,                Case No. 3:08 CV 2847

    -vs-

                                                MEMORANDUM OPINION

OHIO MODULE MANUFACTURING
CO., LLC,

                Defendant.

KATZ, J.

    This matter is before the Court on the motions of defendant Ohio Module Manufacturing Co., LLC (Doc. 42) and defendant UAW Local 12 (Doc. 41) for summary judgment. The *pro se* plaintiff, Kelly S. Gibson, has not filed a response to either motion, and the deadline for his doing so (Doc. 40) has long since run. Both motions for summary judgment will be granted.

**I. Factual Background**

    Gibson, who is African-American, was hired as an hourly production worker at defendant Ohio Module Manufacturing Co., LLC ("OMMC"), an automotive assembly facility in Toledo, Ohio, in August 2006. Like OMMC's other hourly production workers, he was represented for purposes of collective bargaining by defendant UAW Local 12 ("Union").

    Pursuant to OMMC's collective bargaining agreement with the Union, OMMC has the right to promulgate rules of conduct for its employees. One such policy prohibits sexual harassment. Upon his hiring, Gibson received a copy of OMMC's sexual harassment policy and received training on sexual harassment during his employee orientation. Gibson has acknowledged that he was aware of OMMC's sexual harassment policy, as well as the possible consequences, including discharge, for violation thereof.

In October 2007, OMMC employee Dawn Sherer filed a written complaint of sexual harassment against Gibson with OMMC's Human Resources Department. Sherer complained that Gibson was persistently asking her out on dates, despite her repeated refusals. Gibson also repeatedly asked for Sherer's phone number, finally obtaining it without her consent by reaching into her purse and dialing his number on her cellular phone. Based on these advances, as well as reports from several other female employees of being harassed by Gibson, Sherer decided to report Gibson's behavior to OMMC's Human Resources Representative, who then began an investigation into Sherer's allegations. As a result of the investigation, OMMC warned Gibson in November 2007 that any further complaints regarding his behavior would result in disciplinary action, up to and including termination.

Subsequently, however, Gibson began making repeated unwanted sexual advances towards OMMC Human Resources Specialist Shirley Fuerst, who filed a written complaint with OMMC on March 9, 2008. Fuerst complained that Gibson followed her around at work, made unwanted sexual comments to her, such as asking her "have you ever been with a black man?," and made several unwanted phone calls to her. The behavior made her uncomfortable and fearful to the point of having someone walk with her during breaks.

Based on the earlier investigation, as well as their own assessment of Fuerst's credibility, OMMC's human resources staff decided to discharge Gibson pursuant to OMMC's sexual harassment policy. Gibson was informed of his discharge on March 10, 2008 and given a disciplinary report noting "inappropriate comments and behavior."

On March 12, 2008, Gibson filed a grievance contesting his discharge pursuant to the collective bargaining agreement. On June 4, 2008, the Union representative in charge of handling

his grievance, Jim Waingrow, sent Gibson a letter explaining that he was not able to convince OMMC to reinstate him and that, as he did not believe he could persuade an arbitrator to order reinstate him either, he had decided to settle Gibson's grievance and not pursue the matter further.

Gibson filed this lawsuit on December 3, 2008. His First Amended Complaint includes claims against OMMC for wrongful discharge in violation of a collective bargaining agreement under 29 U.S.C. § 185; racial discrimination in violation of 42 U.S.C. § 1981, Title VII, and Ohio Rev. Code §§ 4112.02(A) & 4112.99; sex discrimination in violation of Title VII and Ohio Rev. Code §§ 4112.02(A) & 4112.99; invasion of privacy; negligent hiring, supervision, and retention; and defamation. He brings a claim against the Union for breaching its duty of fair representation.

**II. Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; see also *Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; see also *Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

**III. Discussion**

Plaintiff has not presented any evidentiary material supporting his claims that the Union breached its duty of fair representation towards him. See *Vaca v. Sipes*, 386 U.S. 171, 192 (1967) ("[A] union does not breach its duty of fair representation, and thereby open up a suit by the employee for breach of contract, merely because it settled the grievance short of arbitration."). Therefore, his claims of wrongful discharge against both OMMC and the Union must be dismissed.

Plaintiff has similarly not presented any evidentiary material supporting his claims for discriminatory discharge based on race or sex. Summary judgment is granted as to these claims as well. Moreover, Plaintiff has not presented any evidentiary material in support of his pendent state-law claims (invasion of privacy; negligent hiring, supervision, and retention; and defamation), and these claims are dismissed as well.

**IV. Conclusion**

The motions for summary judgment filed by defendants OMMC (Doc. 41) and the Union (Doc. 41) are granted, and the case is closed.

IT IS SO ORDERED.

                                                   s/ *David A. Katz*
                                                   DAVID A. KATZ
                                                   U. S. DISTRICT JUDGE